UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COREY DANIELS,

                                        Petitioner,    **No. 1:14-cv-00219-MAT**
                                                         **DECISION AND ORDER**

       -vs-

SUPERINTENDENT STALONE,

                                        Respondent.

---

## I.   Introduction

Proceeding pro se, Corey Daniels ("Daniels" or "Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a judgment of conviction[1] entered against him in New York State Supreme Court, Monroe County (Valentino, J.) on April 14, 2009, following his guilty plea to one count of Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law ("P.L.") § 220.16(1)), and one count of Criminal Possession of a Controlled Substance in the Fifth Degree (P.L. § 220.06(5)). For the reasons discussed herein, the petition is dismissed without prejudice based on Petitioner's failure to fully exhaust his State remedies.

---

[1] Petitioner filed the instant petition while he was in custody pursuant to this conviction. However, it appears that Petitioner was released during the pendency of this petition, and convicted on new drug-related charges in Jefferson County, New York. He is presently incarcerated pursuant to this new conviction. See http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last accessed July 7, 2017).

## II. Factual Background and Procedural History

The conviction here at issue stems from an incident that occurred in the City of Rochester on the morning of on July 3, 2008. While patrolling an area known for drug sales, gang activities, and armed robberies, an officer with the Rochester Police Department ("RPD") saw Petitioner, standing on the street, engage in a series of "complex handshakes" with several individuals. In the officer's opinion, based on his professional experience, these actions were either hand-to-hand drug transactions or gang signals. According to the officer, when Petitioner appeared to notice the officer, he attempted to secrete himself from the officer's view. After about 40 minutes of observing the area where Petitioner was standing, the officer saw Petitioner enter a black SUV-type vehicle on the passenger side. As the black vehicle pulled away, it made an illegal right-hand turn. The RPD officer proceeded to stop the vehicle for the traffic infraction he observed. While approaching the rear of the stopped vehicle, the officer noticed that Petitioner appeared to be either removing something from, or placing something into, one of his pants pockets. The officer ordered Petitioner out of the vehicle and conducted a pat-frisk for weapons. Upon feeling a hard object in Petitioner's pants pocket that he thought might be a firearm, the RPD officer twice asked Petitioner what the hard object was. Petitioner replied, "smokes it" in response to both inquiries. The

officer then asked Petitioner whether the object was marijuana, and Petitioner responded, "No, drugs." Interpreting this as Petitioner's admission to possessing a contraband substance, the officer thereupon removed 22 packets of crack cocaine from Petitioner's pants' pocket. Petitioner was placed under arrest and subsequently indicted on two counts: third- and fifth-degree criminal possession of a controlled substance. Petitioner pleaded guilty to both charges on March 16, 2009, in exchange for a sentence promise of two concurrent determinate prison terms of 3½ years, to be followed by 1½ years of post-release supervision. Petitioner was sentenced as promised.

This conviction was unanimously affirmed by the Appellate Division, Fourth Department, on February 8, 2013. See People v. Daniels, 103 A.D.3d 1204 (4th Dep't 2013), lv. denied, 22 N.Y.3d 1137 (2014).

While Petitioner's direct appeal was pending, he filed this timely habeas petition on March 31, 2013. Construed liberally, the petition appears to assert the following claims: (1) Petitioner's plea was involuntary because his attorney erroneously advised him that he potentially faced a 15-year determinate prison sentence were he to be convicted of the charges in the indictment after a jury trial (see Petition ("Pet.") (Dkt #1), Grounds One and Two); and (2) Petitioner's inculpatory statements and the crack cocaine were obtained pursuant to a search and seizure that was unlawful

under the Fourth Amendment (see Pet., Grounds Three and Four).

Respondent filed his answer, arguing that Petitioner has presented a "mixed petition" containing both exhausted and unexhausted claims. Respondent states that the Fourth Amendment claim is exhausted, having been fairly presented to the state courts in the context of Petitioner's direct appeal. However, Respondent argues, the claim concerning the voluntariness of Petitioner's plea is unexhausted. Respondent urges this Court to dismiss the petition because Petitioner has a procedural vehicle to exhaust the involuntary plea claim, namely, a motion to vacate pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 motion in the state trial court.

**III. Exhaustion**

It is well-settled that a Federal court may not consider the merits of a State prisoner's habeas claim unless the State has first been given the "'opportunity to . . . correct' alleged violations of its prisoners' [F]ederal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). In other words, the petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. at 29; see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Respondent argues, and Petitioner does not dispute, that his

habeas claim based on trial counsel's alleged ineffectiveness—was not raised in any State court proceeding. In New York, the proper procedural vehicle for raising an ineffective assistance of counsel claim depends on the nature of the alleged attorney error underlying the claim, and the type of proof on which it is based. To properly exhaust a claim that relies on errors or omissions that are clear on the face of the record of the petitioner's trial or pretrial proceedings, the petitioner must raise it on direct appeal to the Appellate Division and then seek leave to appeal to the New York Court of Appeals. See Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003) ("New York law requires a state court to deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record.") (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c)). "In contrast, to properly exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, [the] petitioner must raise it as part of a motion to vacate judgment under C.P.L. § 440.10 and then seek leave to appeal to the Appellate Division." Anthoulis v. N.Y., No. 11 CIV. 1908 BMC, 2012 WL 194978, at *3 (E.D.N.Y. Jan. 23, 2012) (citing Sweet, 353 F.3d at 140; Caballero v. Keane, 42 F.3d 738, 740–41 (2d Cir. 1994); Reyes v. Phillips, No. 02 Civ. 7319, 2003 WL 42009 (S.D.N.Y. Jan. 6, 2003); People v. Brown, 45 N.Y.2d 852, 853–54 (1978)).

Here, Petitioner's ineffective assistance claim relies on alleged conversations between himself and his attorney, matters which are not part of the pretrial record. See, e.g., Burnett v. Lee, No. 13-CV-4425KAM, 2015 WL 4389888, at *10 (E.D.N.Y. July 15, 2015) (petitioner claimed he would "not have entered the negotiated plea had his retained attorney not abandoned him" based on counsel's "mistaken belief that he failed to make timely payment"; the alleged error that is the basis for petitioner's ineffectiveness of counsel claim relies on evidence outside the trial record and could not have been raised on direct appeal) (citing Griffin v. Suffolk Cnty., No. 13-CV-4375, 2013 WL 6579839, at *3 n. 3 (E.D.N.Y. Dec. 16, 2013)). Therefore, this is the type of claim that is suitable for a C.P.L. § 440.10 motion to vacate, "which permit[s] 'evidentiary exploration' of matters both on and off the record[.]" Caballero, 42 F.3d at 740. Because there is no time limit to filing a C.P.L. § 440.10 motion, Petitioner still may seek review of his ineffective assistance of counsel claim by filing such a motion in the State trial court. See N.Y. CRIM. PROC. LAW § 440.10(1) ("At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon [certain enumerated] . . . ground[s]. . . ."). Accordingly, the Court finds that Petitioner's claim of ineffective assistance of counsel is unexhausted. See Caballero, 42 F.3d at 740 (holding that petitioner's petition and supporting

affidavits "raise a matter clearly outside of the trial record-allegations that his attorney conducted his defense under the influence of drugs"; these allegations had not been presented to the state courts and were unexhausted, but could be raised in a C.P.L. § 440.10 motion); see also, e.g., Carpenter v. Unger, No. 10-cv-1240, 2014 WL 4105398, at *25 (N.D.N.Y. Aug. 20, 2014) (finding petitioner's claim of ineffective assistance of counsel during plea proceedings unexhausted, but not procedurally barred because claim relied on evidence outside the record and could be raised on collateral review); Griffin, 2013 WL 6579839, at *3 (finding non-record based claims, including ineffective assistance of counsel, unexhausted but not procedurally barred because state-court remedy was still available pursuant to C.P.L. § 440.10).

The issue thus becomes how to deal with the petition, which contains an exhausted claim and an unexhausted claim. As Respondent observes, the Court has several options in such circumstances. If the Court determines that Petitioner's unexhausted claim is "plainly meritless," the Court can deny it on the merits and rule on Petitioner's remaining exhausted claim, pursuant to 28 U.S.C. § 2254(b)(2) (stating that "[a]n application for a writ of habeas corpus may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). However, the record does not reflect how counsel advised Petitioner as to his post-trial sentencing exposure. Due to

the paucity of the record, the Court accordingly cannot say that the unexhausted ineffective assistance of counsel claim is "plainly meritless."

The Court also could "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Rhines, 544 U.S. at 275–77. However, to date, Petitioner has not requested a stay, despite the fact that Respondent's memorandum of law placed him on notice that his ineffective assistance claim is unexhausted and, moreover, laid out the various methods for dealing with an unexhausted claim such as this.

Even had Petitioner requested a stay, the Court finds that it would be an abuse of discretion to hold the petition in abeyance, because Petitioner has not made any attempt to show that "good cause" exists for not exhausting his ineffectiveness claim. Although "good cause" has not been defined by the Supreme Court or any circuit court of appeals, "the majority of those lower courts which have addressed the issue at length have analogized the 'good cause' requirement to the requirement that a habeas petitioner demonstrate 'cause' to excuse other types of procedural defaults. Ramdeo v. Phillips, No. 04-CV-1157(SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (collecting cases). "These courts have reasoned that 'good cause,' like 'cause' in the procedural default context, must arise 'from an objective factor external to the

petitioner which cannot fairly be attributed to him or her.'" Id. (quoting Hernandez v. Sullivan, 397 F. Supp.2d 1205, 1207 (C.D. Cal. 2005) (citing Coleman v. Thompson, 501 U.S. 722, 753 (1991); other citations omitted). Other courts have fashioned a more lenient standard and instead looked to see whether some "reasonable confusion" caused the petitioner's failure to exhaust. See, e.g., Whitley v. Ercole, 509 F. Supp. 2d 410, 419 (S.D.N.Y. 2007) (holding that "a petitioner's showing of his confusion, if reasonable, concerning the delay in his state filing would satisfy the Rhines requirement of 'good cause'") (citing Pace v. Guglielmo, 544 U.S. 408, 416, reh'g denied, 545 U.S. 1135 (2005)[2]).

The Court need not determine which standard applies because, even under the more lenient standard, Petitioner has not even attempted to demonstrate *any* cause for his failure to exhaust his claims. E.g., Anthoulis, 2012 WL 194978, at *5 (finding stay "inappropriate" where the petitioner had "not even attempted to demonstrate any cause for his failure to exhaust his claims"). Petitioner was aware of the basis of his ineffective assistance claim at the time of his plea, and he was informed, by means of Respondent's memorandum of law, not only that the claim was

---

[2] Whitley and other cases following its approach relied on dictum from Pace in which the Supreme Court responded to the petitioner's argument that "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' and thus that his federal habeas petition is time barred." 544 U.S. at 416. The Supreme Court observed that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id.

unexhausted, but that he could request a stay of the petition while he exhausted the claim by filing a C.P.L. § 440.10 motion. However, Petitioner did not seek a stay from this Court. Therefore, the Court would abuse its discretion if it were to authorize the use of the stay-and-abeyance procedure.

The Court accordingly must dismiss the entire petition without prejudice as a mixed petition. The dismissal without prejudice protects Petitioner from the preclusive effect of 28 U.S.C. § 2244(b)(2)'s limitation on the filing of second or successive petitions. See Anthoulis, 2012 WL 194978, at *5 n.2 (noting that dismissal without prejudice for failure to exhaust does not decide any of petitioner's claims on the merits; therefore, the rule against second or successive habeas petitions, 28 U.S.C. § 2244(b), will not be implicated should petitioner ultimately re-file after properly exhausting) (citing Slack v. McDaniel, 529 U.S. 473, 485–86, 542 (2000); other citations omitted). The dismissal without prejudice gives Petitioner the opportunity to exhaust his unexhausted ineffective assistance claim, and then re-file a new § 2254 petition. However, Petitioner is cautioned that a re-filed petition based on the claims asserted in this petition likely will be time-barred[3] unless Petitioner can avail himself of the

---

[3] As relevant here, the one-year statute of limitations began to run after Petitioner's conviction became final, because that is when his time for seeking direct review expired. See 28 U.S.C. § 2244(d)(1)(A); Rivera v. Cuomo, 649 F.3d 132, 139 (2d Cir. 2011) (Section 2254 petitioner's conviction became final "90 days after the New York Court of Appeals denie[d] leave to appeal, which is when the petitioner's time to apply for a writ of *certiorari* to the United States

statutory tolling authorized by 28 U.S.C. § 2244(d)(2),[4] or can show that he is entitled to equitable tolling.[5]

IV. Conclusion

For the foregoing reasons, the petition filed by Corey Daniels is dismissed without prejudice for failure to exhaust. Because there has not been a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of Court is directed to close this case.

**SO ORDERED.**

                                          **S/ Michael A. Telesca**

                                          _____
                                          HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    July 10, 2017
           Rochester, New York.

---

Supreme Court expire[d]"). Here, the New York Court of Appeals denied leave to appeal on February 13, 2014. Petitioner's one-year therefore began to run on Wednesday, May 14, 2014.

[4] Section 2244(d)(2) provides for tolling of the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). However, the filing of a Section 2254 petition does not toll Section 2244(d)(1)'s statute of limitations. See Duncan v. Walker, 533 U.S. 167, 180 (2001) (holding that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), for purpose of that section's tolling provision).

[5] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.